# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

ABDOULAYE S.,

          Petitioner,

v.

PAMELA BONDI, *Attorney General*;
KRISTI NOEM, *Secretary, U.S.
Department of Homeland Security*;
TODD M. LYONS, *Acting Director of
Immigration and Customs Enforcement*;
DAVID EASTERWOOD, *Acting
Director, St. Paul Field Office,
Immigration and Customs Enforcement*;
and JOEL L. BROTT, *Sheriff of
Sherburne County*,

          Respondents.

Case No. 26-cv-1590 (LMP/DTS)

**ORDER GRANTING
HABEAS PETITION**

---

Myron W. Orfield, Jr., **Minneapolis, MN**, for Petitioner.

Jesus Cruz Rodriguez and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Abdoulaye S. is a native and citizen of Guinea who entered the United States in March 2023. ECF No. 1 ¶ 13. He was arrested by immigration officials in Minnesota on February 13, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 16, 20. Abdoulaye S. filed a petition for a writ of habeas corpus on February 23, 2026, challenging the lawfulness of his arrest and detention.

---

[1] Respondent Joel Brott has not appeared or otherwise participated in these proceedings. As used in this order, "Respondents" and "Government" do not refer to or include Sheriff Brott.

*See generally id.* He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 30. Abdoulaye S. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued him a warrant. *See id.* ¶ 53.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Abdoulaye S. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to answer Abdoulaye S.'s petition by February 27, 2026, "certifying the true cause and proper duration of Abdoulaye S.'s confinement," including a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*" ECF No. 3 at 2–3.

The Government timely responded and concedes that Abdoulaye S.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 5 at 1. Nevertheless, the Government "assert[s] all arguments raised by the government" in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025), and requests to "preserve those arguments for any appeal in this case." *Id.* at 1–2.

Because nothing distinguishes Abdoulaye S.'s case from those the Court has previously decided, *see id.*, and because the Government has not presented a warrant that would justify Abdoulaye S.'s detention under 8 U.S.C. § 1226(a), the Court concludes that Abdoulaye S. is entitled to immediate release from custody. The Court therefore grants Abdoulaye S.'s petition as set forth below.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1.  Abdoulaye S.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2.  The Government is **ORDERED** to release Abdoulaye S. from custody, without conditions and with all personal property taken in connection with his arrest and detention, by no later than **5:00 p.m. on Saturday, February 28, 2026**;

3.  The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than **5:00 p.m. on Monday, March 2, 2026**; and

4.      If the Government seeks to impose conditions of release on Abdoulaye S. or to retain Abdoulaye S.'s property, the Government's status report must include: (a) the conditions imposed or the property retained; and (b) the legal basis on which the conditions are imposed or the property is retained.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 26, 2026                    *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge